**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1998**

**FILED**

**May 20, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES K. ROBBINS,** | ) | **C.C.A. NO. 03C01-9703-CC-00108** |
| | ) | |
| Appellant, | ) | |
| | ) | **BLEDSOE COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. LEE ASBURY, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(HABEAS CORPUS)** |

FOR THE APPELLANT:                     FOR THE APPELLEE:

**JAMES K. ROBBINS,** *pro se*          **JOHN KNOX WALKUP**
#114297, S.T.S.R.C.F.                   Attorney General & Reporter
Route 4, Box 600
Pikeville, TN  37367                    **TIMOTHY F. BEHAN**
                                        Assistant Attorney General
                                        2nd Floor, Cordell Hull Building
                                        425 Fifth Avenue North
                                        Nashville, TN  37243

                                        **J. MICHAEL TAYLOR**
                                        District Attorney General

                                        **JAMES W. POPE, III**
                                        Assistant District Attorney General
                                        First American Bank Bldg., 3rd Floor
                                        Dayton, TN  37321

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, James K. Robbins, appeals as of right from the trial court's dismissal of his petition for writ of habeas corpus relief. We affirm the judgment of the trial court.

Petitioner was indicted on multiple counts of aggravated rape and aggravated assault by the Scott County Grand Jury on July 15, 1986. Following a jury trial, Petitioner was convicted on four (4) counts of aggravated rape and one (1) count of aggravated assault. The trial court sentenced him as a Range II especially aggravated offender to terms of forty (40) years on each aggravated rape conviction and six (6) years on the aggravated assault conviction, all to be served concurrently. On October 22, 1996, Petitioner filed a petition for habeas corpus relief which is the subject of this appeal, challenging his four (4) aggravated rape convictions. In essence, Petitioner argues that his sentences are void because the culpable mental state for the offense of aggravated rape was not alleged in the indictments and that the statute under which he was convicted is unconstitutional.

The indictments against Petitioner read as follows:

[O]n or about 1984 through April, 1986, in the County and State aforesaid, the said James K. Robbins did unlawfully and feloniously engage in sexual penetration with [victim], a female child under the age of 13 years, and did thereby commit an aggravated rape against said child, against the peace and dignity of the State of Tennessee.

In support of his argument regarding the allegedly insufficient indictments, Petitioner relies upon the decision of this Court in State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996).

However our supreme court reversed this Court's decision in <u>Hill</u>. <u>See</u> <u>State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997).

Furthermore, a panel of this Court has previously held in a similar case that the ruling of this Court in <u>State v. Roger Dale Hill</u>, was based upon an interpretation of Tennessee Code Annotated section 39-11-301(c), which was enacted in 1989. <u>See</u> <u>Gregory L. Hatton v. State of Tennessee</u>, C.C.A. NO. 02C01-9611-CC-00407, slip op. at 2, Lake County (Tenn. Crim. App., Jackson, Feb. 19, 1997). As in <u>Hatton</u>, Petitioner was convicted of an offense which occurred prior to enactment of the 1989 revisions to the Criminal Code. The statute under which Petitioner was convicted defined aggravated rape in part as the "unlawful sexual penetration of another accompanied by any of the following circumstances" including the age of the victim being less than thirteen years. Tenn. Code Ann. § 39-2-603(a)(4) (repealed 1989). The statutory requirements for an indictment alleging this or any other crime were found in Tennessee Code Annotated section 40-13-202 (repealed 1989) and read as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

We conclude that the language in the indictment charging Petitioner with aggravated rape meets these requirements, and was therefore sufficient under the law as it existed at the time of the offenses.

Moreover, even if <u>Hill</u> did apply to the instant indictment, we think the allegation that Petitioner "did unlawfully and feloniously engage in sexual penetration

with [victim], a female child under the age of 13 years, and did thereby commit an aggravated rape against said child" is sufficient to allege any necessary culpable mental state. Obviously, the act for which Petitioner is indicted, unlawfully and feloniously engaging in sexual penetration with a thirteen-year-old child, is "committable only if the principal actor's *mens rea* is intentional, knowing, or reckless." Hill, 954 S.W.2d at 729. This issue is without merit.

Petitioner also argues that the statute under which he was convicted is unconstitutional. However, that particular statute has repeatedly been held to be constitutional. See, e.g., State v. Wilkins, 655 S.W.2d 914 (Tenn. 1983). This issue is without merit.

Petitioner's petition may be dismissed summarily if the petition fails to state a cognizable claim. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Tenn. Code Ann. § 29-21-109. The trial court properly dismissed Petitioner's petition.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
JERRY L. SMITH, Judge


_____
WILLIAM B. ACREE, JR., Special Judge